ORIGINAL

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 JAN -4  PM 4: 57

[signature]
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

MARCUS WILLIFORD LUKE, JR.,       )
                                  )
    Petitioner,                   )
                                  )
v.                                )     Case No. CV606-87
                                  )
ALEXIS E. L. CHASE, Warden,       )
                                  )
    Respondent.                   )

## REPORT AND RECOMMENDATION

Respondent has filed a motion to dismiss petitioner's § 2254 petition for writ of habeas corpus on the ground that it is untimely. Doc. 6. For the following reasons, the Court recommends that respondent's motion be GRANTED and the petition be DISMISSED.

## I. BACKGROUND

A Toombs County jury convicted petitioner for two counts of aggravated sodomy, two counts of aggravated child molestation, and one count of child molestation on March 22, 1995. Resp. Ex. 4B. The trial court

sentenced petitioner to concurrent 20 year terms of imprisonment for each of the five counts, 15 years to serve and the balance on probation. Id. Petitioner appealed his convictions and sentences. The Georgia Court of Appeals affirmed in all respects on June 21, 1996, and denied his motion for reconsideration on July 11, 1996. Luke v. State, 222 Ga. App. 203 (1996). Petitioner filed an extraordinary motion for new trial with the trial court on October 25, 1996. Resp. Ex. 4A. The trial court held an evidentiary hearing on January 7, 1997, and denied his motion on January 24, 1997. Id. On March 4, 1997 the Georgia Court of Appeals denied petitioner's application for a discretionary appeal of the trial court's denial of his motion for new trial. Id.

Petitioner filed a state habeas petition on February 26, 1998 in the Superior Court of Baldwin County. Resp. Ex. 1. The court held an evidentiary hearing on November 4, 1998, and closed the evidence following the hearing. Id. at Ex. 4A. In April 2000, petitioner filed a motion to amend in which he raised four new claims and asserted that his case was overruled by the decision in Brewer v. State, 523 S.E.2d 18 (Ga. 1999), which held that a state must prove "force" against an underage victim to

establish aggravated sodomy, as opposed to proving an element of force merely by establishing the child's age. Id. at Ex. 9. The trial court held another evidentiary hearing on July 19, 2000, and denied petitioner relief on September 29, 2000. Id. at Ex. 11. Petitioner filed a timely notice of appeal and application for certificate of probable cause to appeal, which was granted by the Georgia Supreme Court on October 2, 2001. Id. at Ex. 12. On July 3, 2003, the Georgia Supreme Court held that Brewer announced a new substantive rule of criminal procedure that applied retroactively to cases on collateral review. Luke v. Battle, 565 S.E.2d 816 (Ga. 2002). The Georgia Supreme Court reversed the state habeas court's denial of relief and remanded the case. Id.

After a hearing in the superior court of Baldwin County, the court denied petitioner relief on April 5, 2005. Resp. Exs. 17, 18. Petitioner filed a timely notice of appeal and application for certificate of probable cause to appeal, which the Georgia Supreme Court denied on July 13, 2006. Resp. Ex. 19-21. Petitioner filed the instant petition pursuant to 28 U.S.C. § 2254 on September 20, 2006. Doc. 1.

**II.   ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 to include a one-year statute of limitations for habeas corpus petitions filed by state prisoners.  In the absence of (1) an impediment to seeking federal habeas relief created by illegal state action, (2) the recognition of a new retroactively applied principle of constitutional law by the United States Supreme Court, or (3) a factual basis for habeas corpus relief that was not discoverable before the running of the limitations period, the one-year limitations period begins to run on the date that the state conviction becomes final for those prisoners whose convictions became final after the AEDPA went into effect.  28 U.S.C. § 2244(d)(1).  A conviction becomes final when direct review is concluded or when the time allotted for seeking direct review has expired.  28 U.S.C. § 2244(d)(1)(A); see also Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000).  The one-year limitation period is also tolled while a prisoner seeks state habeas corpus relief.  Ford v. Moore, 296 F.3d 1035, 1036-37 (11th Cir. 2002).

The Georgia Court of Appeals affirmed petitioner's conviction on June 21, 1996 and denied his notion for reconsideration on July 11, 1996.

Petitioner's conviction became final on July 22, 1996, when the ten-day period for filing a notice of intention to apply for certiorari to the Georgia Supreme Court expired.[1] Ga. Sup. Ct. R. 38(1) (notice of intent to apply for certiorari must be filed with the Georgia Court of Appeals within 10 days of the date of the decision to be reviewed); Coates, 211 F.3d at 1226. At that point, the one-year limitations period under AEDPA began to run and expired one year later on July 22, 1997. Although petitioner filed his state habeas petition on February 26, 1998, that filing did not operate to toll the one-year limitations period because the period had already expired. Petitioner has not alleged any other grounds for tolling the limitations period. Consequently, petitioner's § 2254 petition for habeas relief in this Court, filed September 20, 2006, is untimely and should be dismissed.[2]

---

[1] Petitioner's conviction became final on Monday, July 22, as the tenth day fell on a Sunday.

[2] Even if petitioner's filing of the extraordinary motion for new trial effectively tolled the limitations period, the petition still remains untimely. Petitioner filed his extraordinary motion for new trial on October 25, 1996, 95 days after his conviction became final. Assuming that the filing of the extraordinary motion tolled the limitations period, the one-year period was tolled until March 14, 1997, when the ten-day period for filing notice of intention to apply for certiorari to the Georgia Supreme Court expired, after the court of appeals denied petitioner's application for discretionary appeal. Ga Sup. Ct. R. 38(1). Having used 95 days, the limitations period expired 270 days later on December 9, 1997. Although petitioner filed his state habeas petition on February 26, 1998, that filing did not operate to toll the one-year limitations period because the period had already expired.

## III. CONCLUSION

Based upon the foregoing, respondent's motion to dismiss the instant § 2254 petition as untimely should be GRANTED, and the instant petition should be DISMISSED.

**SO REPORTED AND RECOMMENDED** this _3rd_ day of **January, 2007.**

                                     **UNITED STATES MAGISTRATE JUDGE**
                                     **SOUTHERN DISTRICT OF GEORGIA**